# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF BANKING AND SECURITIES | : |
| | : |
| | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : NO. _____ |
| | : |
| TITLEMAX OF DELAWARE, INC. | : |
| TITLEMAX OF OHIO, INC. | : |
| TITLEMAX OF VIRGINIA, INC. | : |
| TITLEMAX OF SOUTH CAROLINA, INC. | : |
| TITLEMAX.COM | : |
| TITLEMAX FUNDING, INC. | : |
| And all successors or predecessors in interest, affiliates, subsidiaries, or parent companies, however named. | : |
| | : |
| Defendant. | : |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

      Defendants TitleMax of Delaware, Inc., TitleMax of Ohio, Inc.,

TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., TitleMax.com, and

TitleMax Funding, Inc. and all successors or predecessors in interest, affiliates,

subsidiaries, or parent companies, however named (collectively, "TitleMax"[1])

remove this civil action pursuant to 28 U.S.C. § 1441, *et seq.* from the

Commonwealth Court of Pennsylvania to the United States District Court for the

Middle District of Pennsylvania.  In support of this Notice of Removal, TitleMax

states as follows:

1.     On September 22, 2017, Plaintiff Commonwealth of

Pennsylvania, Department of Banking and Securities ("Plaintiff") filed in the

Commonwealth Court of Pennsylvania a "Petition for Review to Enforce an

Investigative Subpoena and Enjoin Respondents," captioned Commonwealth of

Pennsylvania, Department of Banking and Securities v. TitleMax of Delaware,

Inc., TitleMax of Ohio, Inc., TitleMax of Virginia, Inc., TitleMax of South

Carolina, Inc., TitleMax.com, TitleMax Funding, Inc., and all successors or

predecessors in interest, affiliates, subsidiaries, or parent companies, however

named, Case No. 417 M.D. 2017 ("Petition").

2.     TitleMax first received a copy of the Petition on October 18,

2017.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders

served upon TitleMax are attached hereto as Exhibits A and B.

3.     This Notice of Removal is being filed within 30 days after

TitleMax's receipt of the Petition as required by 28 U.S.C. § 1446(b)(1).

---

[1] TitleMax.com is not a legal entity.

4.     The United States District Court for the Middle District of Pennsylvania has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 over the civil action initiated by Plaintiff in the Commonwealth Court of Pennsylvania, for the following reasons:

(a)     TitleMax's citizenship is completely diverse from the citizenship of Plaintiff:

(1)     Plaintiff is an executive agency of the Commonwealth of Pennsylvania.  *See* Ex. A, Pet. ¶¶ 1–2.  Accordingly, Plaintiff is a citizen of the Commonwealth of Pennsylvania and is not a citizen of Delaware, Florida, South Carolina, or Georgia.

(2)     TitleMax of Delaware, Inc. is a company incorporated under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and is therefore a citizen of Delaware and Georgia.

(3)     TitleMax of Ohio, Inc. is a company incorporated under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and is therefore a citizen of Delaware and Georgia.

(4)     TitleMax of Virginia, Inc. is a company incorporated under the laws of the State of Delaware, with its principal place of

business in the State of Georgia, and is therefore a citizen of Delaware and Georgia.

(5)     TitleMax of South Carolina, Inc. is a company incorporated under the laws of the State of South Carolina, with its principal place of business in the State of Georgia, and is therefore a citizen of South Carolina and Georgia.

(6)     TitleMax.com is not a legal entity.

(7)     TitleMax Funding, Inc. is a company incorporated under the laws of the State of Florida, with its principal place of business in the State of Georgia, and is therefore a citizen of Florida and Georgia.

(a)     With respect to the amount-in-controversy, Plaintiff seeks relief in excess of $75,000, *see* 28 U.S.C. § 1446(c)(2)(A):

(1)     For amount-in-controversy purposes, the monetary value of a claim for equitable relief is based on the value of the "object to be gained by the plaintiff." *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994); *Pierson v. Source Perrier, S.A.*, 848 F. Supp. 1186, 1189 (E.D. Pa. 1994) (same).  In its Petition, Plaintiff seeks an injunction requiring TitleMax to comply with the August 25, 2017 subpoena and preventing TitleMax from "further refusing any future requests for information made by [Plaintiff]." (Petition, Claim for Relief.)  The object of this request is clear: Plaintiff alleges, *inter alia*, that

TitleMax has acted as an "unlicensed person or entity" in violation of the Pennsylvania Consumer Discount Company Act, 7 P.S. §§ 6201-6219 ("CDCA"), and has made at least 290 unlicensed loans in violation of that Act. (Pet. ¶¶ 13-14).  Plaintiff also asserts its authority to determine whether TitleMax has made these 290 loans in violation of the Pennsylvania Loan Interest Protection Law ("LIPL"), 41 P.S. § 101 *et seq*.  Under the penalty provisions of LIPL, the Department could collect $10,000 for each loan made in violation of the statute. The Department would need to prevail in its argument on only a tiny fraction of these loans to satisfy the amount in controversy requirement.

(2)    Plaintiff has also requested monetary relief: it has asked the Court for an order requiring TitleMax to pay "the costs associated with bringing this action and conducting this investigation."  (Pet. ¶ 25 & Claim for Relief).  Fees and costs are part of the amount-in-controversy when they are provided for by statute.  *See Suber v. Chrysler Corp*, 104 F.3d 578, 585 (3d Cir. 1997).  Plaintiff asserts that under the CDCA, the costs of its investigation may be imposed "on the licensed or unlicensed entity being examined or investigated." (Pet. ¶ 25.)  Those costs are to be considered as part of the amount in controversy for purposes of removal and, given the breadth and scope of Plaintiff's initial investigative demand, it is beyond a legal certainty that the costs of the investigation will exceed $75,000.

5.     True and correct copies of this Notice of Removal will be filed with the Prothonotary of the Commonwealth Court of Pennsylvania and served upon Plaintiff's counsel of record as required by 28 U.S.C. § 1446(d).

6.     TitleMax files this Notice of Removal without waiver of any defenses to the Petition, including that this Court lacks personal jurisdiction over TitleMax. *See, e.g.*, *Lionti v. Dipna, Inc.*, No. 17-01678, 2017 U.S. Dist. LEXIS 98956, at *4 (E.D. Pa. June 27, 2017) (removal does not waive any defenses under Federal Rule of Civil Procedure 12(b) and collecting cases holding the same).

WHEREFORE, TitleMax removes the above-described action from the Commonwealth Court of Pennsylvania to the United States District Court for the Middle District of Pennsylvania.

Dated:  November 16, 2017      Respectfully submitted,

/s/ *Justin G. Weber*
Justin G. Weber (PA 89266)
PEPPER HAMILTON LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
717.238.0575 (fax)
weberjg@pepperlaw.com

Richard J. Zack (PA 77142)
*(Pro Hac Vice application to be filed)*
Francis A. Weber (PA 318604)
*(Pro Hac Vice application to be filed)*
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
215.981.4750 (fax)
zackj@pepperlaw.com
weberf@pepperlaw.com

*Counsel for Defendants TitleMax of
Delaware, Inc., TitleMax of Ohio, Inc.,
TitleMax of Virginia, Inc., TitleMax of
South Carolina, Inc., TitleMax.com,
TitleMax Funding, Inc., and all successors
or predecessors in interest, affiliates,
subsidiaries, or parent companies, however
named.*

## <u>CERTIFICATE OF SERVICE</u>

I, Justin G. Weber, hereby certify that on November 16, 2017 a true

and correct copy of the Notice of Removal was served via email and U.S. First

Class mail on the following:

Linda Carroll, Esquire
Deputy Chief Counsel
Commonwealth of Pennsylvania
Department of Banking
Office of Chief of Counsel
17 N. Second Street, Suite 1300
Harrisburg, PA 17101
licarroll@pa.gov


*/s/ Justin G. Weber*
Justin G. Weber (PA 89266)