# EXHIBIT A

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Commonwealth of Pennsylvania : Department of Banking and Securities, : Petitioner : | |

Commonwealth of Pennsylvania          :
Department of Banking and Securities,  :
    Petitioner                          :
                                        :
    v.                                  :     No.  417  M.D. 2017
                                        :
Titlemax of Delaware, Inc.             :
Titlemax of Ohio, Inc.                 :
Titlemax of Virginia, Inc.             :
Titlemax of South Carolina, Inc.       :
Titlemax.com                           :
Titlemax Funding, Inc.                 :
    And all successors or predecessors in :
    interest, affiliates, subsidiaries, or :
    parent companies, however named    :
      Respondent                      :
                                        :

2017 SEP 22 PM 3:19

## ORDER

**NOW**, this _____ day of_____, 2017, upon

consideration of Petitioner's Petition for Review to Enforcement of an Investigative

Subpoena, hearing thereon is fixed for _____, at

_____, in Courtroom No._____,_____.

The return date for answering said petition is hereby fixed for

_____.

Petitioner shall promptly serve respondent with a copy of this Order and shall thereafter promptly file a proof of service of same.

_____
                                                                                            J.

2017 SEP 22   PM 3: 19

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania<br>Department of Banking and Securities,<br>   Petitioner | : | |
|   v. | : | No.      M.D. 2017 |
| Titlemax of Delaware, Inc.<br>Titlemax of Ohio, Inc.<br>Titlemax of Virginia, Inc.<br>Titlemax of South Carolina, Inc.<br>Titlemax.com<br>Titlemax Funding, Inc.<br>   And all successors or predecessors in<br>   interest, affiliates, subsidiaries, or<br>   parent companies, however named<br>     Respondent | : | |

## NOTICE

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Petition and Notice are served, by entering a written appearance personally or by

attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Petition or for any other claim or relief requested by the Petitioner.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Georgia Legal Services Program

6602 Abercorn Street, Suite 203

Savannah, GA 31405

2

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania<br>Department of Banking and Securities,<br>    Petitioner | : | |
| v. | : | NO.       M.D. 2017 |
| Titlemax of Delaware, Inc.<br>Titlemax of Ohio, Inc.<br>Titlemax of Virginia, Inc.<br>Titlemax of South Carolina, Inc.<br>Titlemax.com<br>Titlemax Funding, Inc.<br>    And all successors or predecessors in<br>    interest, affiliates, subsidiaries, or<br>    parent companies, however named<br>      Respondent | : | |

2017 SEP 22  PM 3:19

### PETITION FOR REVIEW TO ENFORCE
### AN INVESTIGATIVE SUBPOENA AND ENJOIN RESPONDENTS

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:


Petitioner, the Commonwealth of Pennsylvania Department of Banking and Securities, respectfully brings this action to enforce an investigative subpoena against the afore-captioned companies.

## PARTIES

1.     Petitioner is the Commonwealth of Pennsylvania, Department of Banking and Securities (hereinafter the "Department"), an executive agency of the Commonwealth of Pennsylvania, with regulatory authority over those engaging in the consumer discount business pursuant to the Consumer Discount Company Act, 7 P.S. § 6201, *et seq.* and the Loan Interest and Protection Law, 41 P.S. § 101 *et seq.*

2.     The Department maintains its primary office at 17 North Second Street, Suite 1300, Harrisburg, Pennsylvania, 17101.

3.     Respondents are organized in the state of Delaware with their corporate offices at 15 Bull Street, Suite 200, Savannah, Georgia, 31401.

4.     Respondents operate in several states where they hold one or more licenses to lend money in exchange for a lien against a motor vehicle or to accept a vehicle title as a pawn, including the state of Delaware and, at some point, the state of Ohio.

5.     Respondents have no license to lend or advance money with Pennsylvania.

6.     Respondents have no physical office in Pennsylvania.

## JURISDICTION

7.     This Court has jurisdiction over this matter pursuant to Section 761(b) of the Judicial Code, 42 Pa.C.S. § 761(b), in that this is an original action brought by a Commonwealth agency.  Further jurisdiction is provided by various sections of the Department of Banking and Securities Code, 71 P.S. §§ 733-501 C; 733-502, and 503 C.

## CLAIM

8.     In and around December 2016, the Compliance Office of the Department of Banking and Securities began an administrative investigation of the family of companies identified as Titlemax or TMX Finance.

9.     As part of that investigation, the Compliance Office secured information from the Pennsylvania Department of Transportation which revealed that Titlemax secured more than 290 liens against motor vehicles registered in Pennsylvania.

10.     After learning of the Titlemax's liens, the Compliance Office issued an investigative subpoena, dated August 22, 2017, pursuant to the Department's authority under the Department of Banking and Securities Code, 71 P.S. § 733-

401.F; the Consumer Discount Company Act, 7 P.S. § 6212; and the Loan Interest and Protection Law, 41 P.S. § 506. Attachment A.

11.    The Department of Banking and Securities Code provides the Department with the authority, in connection with any investigation, the power to issue a subpoena requiring the production of information of any kind in any form from any corporation or person that the Department is authorized to examine. Further, the Department may issue a subpoena to any person or entity provided that the information from such person or entity is necessary for the enforcement of any law within the jurisdiction of the Department. 71 P.S. § 733-501 C.

12.    The Consumer Discount Company Act provides:

A person, who is not licensed under this act, shall be presumed to be engaged in business contemplated by this act if he advertises or solicits business as principal, agent or broker for which a license is required by the provisions of this act, and the Secretary of Banking, an any person designated by him for that purpose is in such cases authorized to examine the books, accounts, papers, records, documents, files, safes and vaults of such persons for the purpose of discovering violations of this act.

7 P.S. § 6211.

13.    Accordingly, Respondents are unlicensed persons or entities engaged in lending activities within the jurisdiction of the Consumer Discount Company Act as evidenced by the liens securing such loans, and may be examined and may be

4

subject to a subpoena for information necessary to enforce the Consumer Discount Company Act.

14.   "In the event that a person fails to comply with a subpoena for documents or testimony issued by the department, the department may request an order from the Commonwealth Court requiring the person to produce the requested information." 71 P.S. § 501 C.

15.   Respondents have not provided the information required by the subpoena.

16.   Respondents informed the Compliance Office and its counsel, through counsel, that it will not respond to the subpoena because it does not believe that Pennsylvania has personal jurisdiction over Respondents that operate out-of-state.

17.   The Compliance Office argues that in *Kaneff v. Delaware Title Loans, Inc.*, 587 F.3d 616 (U.S. 3rd 2009), relying on *Cash America Net of Nevada, LLC v. Pennsylvania Department of Banking,* 978 A.2d 1028, 1030 (Pa. Commw. Ct. 2009), the Third Circuit established that Pennsylvania had subject matter jurisdiction over title loans made in Delaware on a vehicle owned by a Pennsylvania consumer by a company identified as Delaware Title Loans ("DTL").

18.   In 2015, the Eastern District of Pennsylvania, determined that it had personal jurisdiction over DTL and joined DTL on its own motion in a lawsuit by a Pennsylvania consumer against the repossessor who had repossessed his vehicle in

5

on behalf of DTL. The Court determined that the minimum contacts necessary for jurisdiction were established because DTL opened an office in Claymont, Delaware within one half mile of the Pennsylvania border, and that they extended title loans to many Pennsylvania residents from this office. The court also noted that when DTL forecloses on its lien, the effects on the borrower are felt in Pennsylvania and the maintenance of suit does not offend notions of fair play and substantial justice. *Gregoria v. Total Asset Recover, Inc.* 2015 U.S. Dist. Lexis 1818 (U.S.D.C.E.D. Pa. 2015).

19.    Titlemax has operated similarly to DTL from offices out-of-state, primarily one located at 3401 Kirkwood Hwy Wilmington, Delaware, 19808 within commuting distance of the Philadelphia area.

20.    Titlemax's online website encourages consumer to input their ZIP code, including ZIP codes from Pennsylvania, to find a location that will provide them with service and the Kirkwood Hwy address appears for those ZIP codes in the southeastern part of the Pennsylvania.

21.    Titlemax's website provides screens for consumers to input their information, online from their home computers providing all required information at that time for the purpose of applying for a loan.

22.    Titlemax contends that it requires all consumers to travel to Delaware, or another out-of-state location to complete the lending transaction and to make each monthly payment due on the loan.

23.    The Compliance Office seeks further documentary evidence that in fact consumers are traveling out-of-state in all instances to complete the loan and to make all payments on the loan in light of the fact that liens were placed on Pennsylvania vehicles from Titlemax locations in South Carolina, Virginia, Ohio and because consumers with liens against their vehicles in favor of Titlemax live in places like Chambersburg, Allentown, Reading, Harrisburg, Butler, Dillsburg, and other locations, that are not remotely close to a Titlemax location in Delaware or Ohio.

24.    Titlemax has repossessed vehicles in Pennsylvania and has taken advantage of the benefits of the Commonwealth to secure it loans by registering liens with the Pennsylvania Department of Transportation in over 290 cases. These acts, along with any action to collect routine payments on the debt, are acts by which Titlemax "purposefully availed itself" of the privilege of conducting activities within Pennsylvania. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S. Ct. 1228 (1958).

25.    The Consumer Discount Company Act imposes the costs of such examinations on the licensed or unlicensed entity being examined or investigated.

26.    A Bill of Costs for filing and service of this action is attached hereto and incorporated herein by reference.

**WHEREFORE**, the Department of Banking and Securities respectfully requests this Honorable Court to enter an Order against Respondents requiring them to provide the information or documents required by the investigative subpoena, to enjoin them from further refusing any future requests for information made by the department, and to require Respondents to pay costs associated with bringing this action and conducting this investigation.

Respectfully submitted,

Linda Carroll
Deputy Chief Counsel
Attorney I.D. # 35868
Commonwealth of Pennsylvania
Department of Banking
Office of Chief Counsel
17 N Second Street, Suite 1300
Harrisburg, PA 17101
Telephone: (717) 787-1471
licarroll@pa.gov

Dated this 22nd day of September, 2017

Case No. 16226



# COMMONWEALTH OF PENNSYLVANIA
# DEPARTMENT OF BANKING AND SECURITIES

**17 N Second Street, 13TH FLOOR**
**HARRISBURG, PENNSYLVANIA 17101**

## INVESTIGATIVE SUBPOENA
## FOR THE PRODUCTION OF DOCUMENTS AND
## INFORMATION

To:   **TitleMax**
      **TMX Finance | Family of Companies**
      Legal Department
      15 Bull Street, Suite 200
      Savannah, GA 31401

**GREETINGS:**

   **WHEREAS**, the Commonwealth of Pennsylvania, Department of Banking and Securities (the "Department"), is the Pennsylvania state government agency authorized and empowered to administer and enforce the Loan Interest and Protection Law ("LIPL"), 41 P.S. §§ 101-605; and, to administer and enforce the Consumer Discount Company Act ("CDCA"), 7 P.S.§§ 6201-6221; and,

   **WHEREAS**, the Department's Compliance Office is primarily responsible for administering and enforcing the LIPL and CDCA on behalf of the Department; and,

   **WHEREAS**, section 12 of the CDCA, 7 P.S. § 6121, provides the Secretary of Banking and Securities with the authority to require the production of any books, accounts, papers, records, documents, and files relating to such business which the Secretary of Banking and Securities has authority by the CDCA to investigate, and for this purpose, the Secretary of Banking and Securities or his designee may sign subpoenas; and,

**Case No. 16226**

**WHEREAS,** section 506 of the LIPL, 41 P.S. § 506, provides the Department with the power to issue subpoenas to any other person or entity of any kind whatsoever provided that the information from such person or entity is necessary for the enforcement of the act; and,

**WHEREAS,** the Compliance Office has information that you, TitleMax advertise and make automobile title loans available to borrowers with a Pennsylvania address;

**AND NOW, THEREFORE, YOU,** TitleMax are hereby **COMMANDED,** to provide the undersigned, upon presentation of this investigative subpoena, the items set forth in Exhibit "A" to this investigative subpoena no later than **September 6, 2017** at 10:00 a.m. by delivering the same to the attention of:

> Pennsylvania Department of Banking and Securities
> Compliance Office
> Attention:  Theresa L. Jones, NDFIE2
> 17 N. Second Street, 13th Floor
> Harrisburg, PA  17101

This investigative subpoena is issued pursuant to Section 401.F of the Department of Banking and Securities Code, 71 P.S. § 733-401.F; Section 12 of the CDCA, 7 P.S. § 6212; and Section 506 of the LIPL, 41 P.S. § 506.  Failure to comply with this subpoena may subject you to proceedings and penalties as provided by law.

WITNESS my hand and the official seal of the Pennsylvania Department of Banking and Securities this ___22nd___ day of August 2017.

**DEPARTMENT OF BANKING AND SECURITIES:**

By:  _____

Timothy Knopp, Deputy Secretary
Non-Depository Institutions



Case No. 16226

## EXHIBIT "A"

### Instructions

1.  Provide the name of the person or persons responsible for answering this subpoena for documents and their contact information.

2.  If there is a document which was once in your possession but now is not and is relevant to answering any question, identify the document by following the identification procedure set forth below:

    (a)   the date of the document, if one is set forth on the document;

    (b)   the exact title of the document;

    (c)   the exact title of the file folder in which the document is located, if applicable;

    (d)   the general subject matter of the document; and

    (e)   the current location of the original document and the custodian

3.  If you produce documents in response to this Subpoena:

    (a)   you must firmly attach the documents to the response or label them and file them together with the response; and,

    (b)   you may, in lieu of producing original documents, submit photographic reproductions of such documents, provided that such reproductions are accurate and legible, and provided that the originals from which the reproductions were made are retained by you until the final disposition of the matter.

4.  In lieu of original records or information, copies of defined records or information may be provided.

### Definitions

As used in this Subpoena, and unless the context otherwise requires, the term:

**"Document"** means any writing whether retained or created electronically or in hard copy, whether printed, recorded, reproduced by any process, or written or produced by hand, including, but not limited to, letters, memoranda, notes, opinions, books, reports, studies, agreements, statements, communications (including inter-company and intra-company communications), correspondence, telegrams, logs, bookkeeping entries, summaries or records of personal

conversations, diaries, calendars, telephone messages and logs, forecasts, photographs, tape recordings, computers, computer tapes or disks or other media upon which information may be recorded, computer bulletin board file or document, models, statistical statements, graphs, laboratory and engineering reports, notebooks, charts, plans, drawings, minutes, bylaws, resolutions, records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, lists of clients or customers or suppliers, reports or summaries of interviews, opinions or reports of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any document and revisions of drafts of any document, and any other similar paper or record. The term "document" also includes a copy of a document where the copy is not exactly the same as the original.

### Claims of Privilege

If any document or information called for by this Subpoena is withheld under any claim of privilege, furnish a list identifying each document or information for which the privilege is claimed, the names and addresses of the author(s) and recipient(s) of the document, or the holder of the information and a description of the substance of the document or information, and the nature or basis for the claim of privilege.

### Identification of Documents Produced

Each document submitted in compliance with this Subpoena shall be produced in a manner that clearly identifies the paragraph of the request to which the document is responsive. Copies of original documents shall be legible to the same degree as the original.

### Documents to be Produced

1. All loan or pawn documents including loan agreements, promissory notes, pawn tickets, deferment agreements, TILA disclosures and security agreements between you and any Pennsylvania consumer.

2. All documentation or information presented to the consumer, ie., in-person, through the mail, through facsimile or over the internet.

3. All records for electronic payment relating to Pennsylvania consumers to TitleMax for any loan or pawn obligation.

4. All records and documents involving all solicitations and offerings that appear or appeared, within the past three years, in a physical or electronic medium with circulation within the market territory of Pennsylvania. Include direct mail, internet ads, newspapers, magazines, and the script for radio or television ads and the stations where they played along with the dates associated.

5. Beginning January 1, 2012, provide all records involving all employees including the names of all employees from TitleMax that traveled to Pennsylvania in the course of his duties as an employee; the date of the travel to Pennsylvania; the location in Pennsylvania where the employee traveled; the purpose of the travel; and the name of all Pennsylvania consumers that were provided services by that employee during his travel to Pennsylvania.

6. In lieu of all documents requested in item #1, provide a spreadsheet or spreadsheets containing information on all loans or pawns originated by you where the borrower of the loan resides in Pennsylvania, to include:

    a.  each borrower's name

    b.  each borrower's address

    c.  each borrower's telephone number

    d.  each borrower's e-mail address

    e.  each borrower's account number

    f.  the dollar amount of interest due and payable

    g.  the dollar amount of interest collected

    h.  the interest rate charged on the loan or pawn

    i.  the amount of original principal

    j.  the remaining amount of principal

    k.  the term of the loan or pawn

    l.  total dollars paid by the borrower

    m.  the loan amortization schedule

    n.  origination fees charged

    o.  collection costs charged

    p.  delinquency and default fees charged

    q.  amounts refunded, if any, by any party to borrower

7. All records involving the repossessions of vehicles owned by Pennsylvania consumers that occurred at the direction of Titlemax.  In relation thereto provide:

    a.  the name of the consumer

    b.  the date of the repossession

    c.  the make, model and year of the vehicle

    d.  the name and address of the repossessor

    e.  the name of the state from which the repossessor operated

     f.  if the repossessor is a corporation, indicate if it is affiliated in any way with TitleMax

     g.  any contract or written work orders TitleMax has with repossessors that have repossessed vehicles in Pennsylvania.

8. Record of all consumer complaints from Pennsylvania consumers to you. If the complaints were verbal, provide any notes made of those complaints.

9. Record of all invoices or bills for all Pennsylvania consumers.

10. Record of all agreements for the electronic transfer of funds from Pennsylvania consumer bank accounts to you for the payment of loans or pawns.

11. Records relating to all offices that provided services to Pennsylvania consumers, whether in-person or online.

12. Records for all entities including names and addresses to whom you assigned or sold a loan.

13. Record of all state licenses you possess to engage in the business of lending, servicing loans, or collecting or charging interest, and the related license numbers.

## **VERIFICATION**

The undersigned hereby deposes and says that the facts set forth in the foregoing Petition for Enforcement of Final Administrative Order are true and correct to the best of her knowledge, information and belief. This statement is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Respectfully submitted,

*Linda Carroll*

Linda Carroll
Deputy Chief Counsel
Attorney I.D. # 35868
Commonwealth of Pennsylvania
Department of Banking
Office of Chief Counsel
17 N Second Street, Suite 1300
Harrisburg, PA 17101
Telephone: (717) 787-1471
licarroll@pa.gov

Dated this 22nd day of September, 2017

IN COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania          :
Department of Banking and Securities,  :
    Petitioner                       :
                              : No.      M.D.  2017
        v.                           :
                              :
Titlemax of Delaware, Inc.             :
Titlemax of Ohio, Inc.                 :
Titlemax of Virginia, Inc.             :
Titlemax of South Carolina, Inc.       :
Titlemax.com                           :
Titlemax Funding, Inc.                 :
    and all successors or predecessors in   :
    interest, affiliates, subsidiaries, or  :
    parent companies, however named      :
        Respondent                   :
                              :

## BILL OF COSTS

| | |
|---|---|
| Fee for filing Complaint in The Commonwealth Court of Pennsylvania | $ 65.50 |
| Fee for Service of Process in Dauphin County | $ 50.00 |
| Fee for Deputized Service of Process in Chatham County Georgia | $ 50.00 |
| Total: | $165.50 |

## **VERIFICATION**

Linda Carroll hereby states that she is Deputy Chief Counsel, Office of General Counsel, with the Commonwealth of Pennsylvania Department of Banking and Securities, Plaintiff to this action, and verifies that the costs set forth in the foregoing Bill of Costs are true and correct and necessary costs for the service and filing of this action.   The undersigned understands that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Respectfully submitted,

Linda Carroll
Deputy Chief Counsel
Attorney I.D. # 35868
Commonwealth of Pennsylvania
Department of Banking
Office of Chief Counsel
17 N Second Street, Suite 1300
Harrisburg, PA 17101
Telephone: (717) 787-1471
licarroll@pa.gov

Dated this 22nd day of September, 2017